IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>APPELLEE, )<br>)<br>v. )<br>)<br>YOLANDA PATRICE MOTON, )<br>A/K/A YOLANDA JOHNSON )<br>)<br>DEFENDANT-APPELLANT. )<br>_____ ) | NO. 14-4614<br>(2:13-CR-00173-RBS-LRL-1) |

## United States' Motion to Dismiss Appeal
## And Stay Briefing Schedule

Because defendant Yolanda Patrice Moton knowingly and intelligently entered into a plea agreement in which she waived her right to appeal, the United States respectfully moves to dismiss her appeal and requests that this Court stay the briefing schedule pending this Court's ruling on the motion to dismiss.

Defendant was charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base and 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B) from in or about April 2013 until on or about July 3, 2013. *Exhibit 1.*

Defendant pleaded guilty on March 7, 2014, to count one, conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base

and 500 grams or more of cocaine, in violation Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B). In paragraph 5 of her plea agreement, defendant waived her right to appeal her conviction and any sentence within the statutory maximum:

> The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.

*Exhibit 2, pp 3-4.*

Both defendant and her counsel signed the plea agreement and affirmed that they had read the agreement. *Exhibit 2, p 13.* In particular, defendant agreed that she had "read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it." *Exhibit 2, p 13.*

At the plea hearing, the district court verified that defendant had a sufficient opportunity to discuss her plea agreement with her attorney and was satisfied with her attorney's advice:

| | |
|---|---|
| The Court: | Have you read the plea agreement? |
| Defendant: | Yes, sir. |
| The court: | Has your counsel fully explained the plea agreement to you? |

2

| | |
|---|---|
| Defendant: | Yes, sir. |
| The Court: | All right. I'm going to hand to you the plea agreement in this case, and I want you to review that and make sure that this is the agreement that you've signed. |
| Defendant: | Yes, sir, this is the agreement I signed and reviewed. |

*Exhibit 3, pp 8-9.*
    \*   \*   \*

| | |
|---|---|
| The Court: | And is this the plea agreement that you reviewed and signed? |
| Defendant: | Yes, sir. |
| The Court: | And did you initial each page as well? |
| Defendant: | Yes, sir. |

*Exhibit 3, p 9.*
    \*   \*   \*

| | |
|---|---|
| The Court: | Have you had the opportunity to discuss your case with [your attorney]? |
| Defendant: | Yes, sir. |
| The Court: | Have you discussed all the facts of the case with [your attorney]? |
| Defendant: | Yes, sir. |
| The Court: | Are you satisfied that [your attorney] has fully considered all of the facts and discussed with you any possible defenses you may have to the charges against you? |

| | |
|---|---|
| Defendant: | Yes, sir. |

*Exhibit 3, p 13.*
    \*    \*    \*

The district court also specifically informed defendant at the plea hearing about the applicable mandatory minimum and maximum sentences[1] under Count One of the indictment.

| | |
|---|---|
| The court: | The penalties provided by law for Count One is a mandatory minimum term of ten years in jail – excuse me, prison – a maximum term of life in prison, a fine not exceeding $8 million, a special assessment of $100, and at least eight years of supervised release. |
| | Do you understand the seriousness of the penalties provided by law for Count One? |
| Defendant: | Yes, sir. |

*Exhibit 3, pp 6-7.*
    \*    \*    \*

Defendant was also informed that she was waiving her right to appeal and accepted that waiver:

| | |
|---|---|
| The court: | Do you understand that under some circumstances you or the government may have the right to appeal any sentence that this Court imposes? |

---

[1] In her plea agreement, the defendant consented to the filing of an information pursuant to Title 21, United States Code, Section 851 establishing that the defendant had one prior conviction for a felony drug offense which had become final. The enhanced maximum penalties applicable under Count One were: a mandatory minimum term of imprisonment of ten years, a maximum term of life imprisonment, a fine of $8,000,000, a special assessment and at least eight years of supervised release. *See 21 U.S.C. § 841(b)(1)(B) and Exhibit 1, p 1.*

| | |
|---|---|
| Defendant: | Yes, sir. |
| The court: | Now, generally you have the right to appeal your conviction and sentence and to proceed in forma pauperis, or without any prepayment of any fees, if the Court found that you qualified for indigent status, but do you understand your plea agreement includes a provision whereby you waive your right to appeal your conviction and any sentence imposed by the Court as long as that sentence is within the statutory maximum? |
| Defendant: | Yes, sir. |
| The Court: | Therefore, do you understand you're giving up your right to appeal; that is, by signing the plea agreement and pleading guilty you'll not appeal your conviction or any lawful sentence imposed by the Court? |
| Defendant: | Yes, sir. |

*Exhibit 3, p 16.*
      *   *   *

A defendant may not defeat a carefully conducted plea hearing under Fed. R. Crim. P. 11 through mere assertion on appeal. The law is well-established that a defendant may not lightly disavow statements that she makes under oath at a Rule 11 hearing. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Indeed, statements made under oath at a Rule 11 proceeding are binding on a defendant "absent clear and convincing evidence to the contrary." *Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge*, 431 U.S. at 74-75; *Little v.*

5

*Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984)). As this Court has explained, "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Summing up these cases, this Court has observed that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established. . . ." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

Nothing defendant can present qualifies as extraordinary circumstances allowing her to escape her sworn statements under oath that she understood that she could not challenge her sentence on appeal, as long as it was within the statutory maximum. Defendant's statutory maximum is life imprisonment, and her sentence is 324 months[2] or 27 years, which is well within the statutory maximum.

As this Court has held many times, a defendant may waive her statutory right to appeal if the waiver is knowingly and voluntarily made. *See, e.g., United States v. Cohen*, 459 F.3d 490, 493-94 (4th Cir. 2006); *United States v. Blick*, 408 F.3d 162, 167-73 (4th Cir. 2005).

---

[2] With eight years of supervised release and a $100 special assessment.

Because defendant knowingly and voluntarily waived her right to appeal, the United States respectfully requests that this Court dismiss defendant's appeal. The United States also requests that this Court stay the briefing schedule until the Court rules on the motion to dismiss.

    Respectfully submitted,

    Dana J. Boente
    United States Attorney

By:   /s/
    Darryl J. Mitchell
    Assistant United States Attorney
    U.S. Attorney's Office
    Eastern District of Virginia
    101 West Main Street, Suite 8000
    Norfolk, Virginia 23510
    (757) 441-6331
    darryl.mitchell@usdoj.gov

## **Certificate of Service**

I certify that on September 24, 2014, I filed electronically the foregoing motion to dismiss appeal with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the attorney below:

Gregory B. Turpin, Esq.
Clarke, Dolph, Rapaport, Hull and Brunick, PLC
6160 Kempsville Circle, Suite 101A
Norfolk, Virginia 23502
Phone: (757) 466-0464
Fax: (757) 466-0834
Email: gturpin@clarkedolph.com

                                                   /s/
                                       Darryl J. Mitchell
                                       Assistant United States Attorney
                                       U.S. Attorney's Office
                                       Eastern District of Virginia
                                       101 West Main Street, Suite 8000
                                       Norfolk, Virginia 23510
                                       (757) 441-6331
                                       darryl.mitchell@usdoj.gov